IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHN WATKINS ELLIOTT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:14CV887 |
| v. | ) | 1:09CR231-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner John Watkins Elliott, a federal prisoner, brings a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1:09CR231-1, Doc. #19]. Petitioner was indicted on, and later pled guilty to, one count of possessing a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Petitioner received a sentence of 30 months of imprisonment and three years of supervised release by Judgment entered on April 13, 2010. Petitioner subsequently served his prison sentence and began his term of supervised release. However, he now challenges his conviction through the current Motion [Doc. #19].

Petitioner raises a single claim for relief in his Motion, contending that his conviction under 18 U.S.C. § 922(g)(1) is invalid in light of the decision of the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because none of his prior state court convictions were punishable by more than one year of imprisonment. In its Response, the Government concedes that relief is appropriate under § 2255. The Government specifically

concedes that Petitioner's prior state conviction for breaking and entering, listed as the predicate felony in the Indictment in this case, would not support a conviction under § 922(g). In this regard, the Government concedes that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for that prior conviction. Based on this determination, the Government agrees that the Court should vacate Petitioner's conviction.

In addition, the Government has further affirmatively waived any statute of limitations defense that might otherwise apply.[1] The parties thus agree that pursuant to the § 2255 Motion, Petitioner's conviction should be vacated.[2] In reviewing this matter, the Court notes that the offense listed in the Indictment as the predicate conviction was a Class H felony, and Petitioner had a prior record level of I. Thus, the maximum sentence Petitioner faced for that offense under North Carolina law, as analyzed in Simmons, was less than 12 months. See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009). Therefore, having reached this conclusion and in

---

[1] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[2] Thus, the Government has taken the position that the claim raised is cognizable in these proceedings, at least with respect to defendants who were convicted under 18 U.S.C. § 922(g)(1) of being a felon in possession of a firearm or ammunition, but who do not have a requisite prior felony conviction in light of Simmons. Cf. Miller v. United States, 735 F.3d 141 (4th Cir. 2013) (vacating § 922(g)(1) conviction on a § 2255 motion based on Simmons and holding that "[f]or defendants convicted of possessing a firearm by a convicted felon under 18 U.S.C. § 922(g)(1), where the predicate conviction(s) supporting their § 922(g)(1) convictions were North Carolina felony offenses for which they could not have received sentences of more than one year in prison, Simmons also makes clear that those felony convictions do not qualify as predicate felonies for purposes of federal law, and those defendants are actually innocent of the § 922(g)(1) offense of which they were convicted").

light of the agreement of the parties, this Court will recommend that Petitioner's Motion be granted, that his Judgment be vacated, and that the Indictment be dismissed.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under § 2255 [Doc. #19] be GRANTED, that the Judgment [Doc. #17] be VACATED, and that the Indictment [Doc. #1] be DISMISSED.

This, the 17th day of November, 2014.

    /s/ Joi Elizabeth Peake
United States Magistrate Judge